IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CYROS BEADS, | * | |
| Petitioner, | * | Civil Action No. RDB-14-3061 |
| v. | * | Criminal Action No. RDB-06-0589 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On April 10, 2008, Petitioner Cyros Beads ("Petitioner" or "Beads") pled guilty in this Court to possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). On June 4, 2008, Petitioner was sentenced by this Court to a term of imprisonment of one-hundred and twenty (120) months. During sentencing, this Court determined Petitioner's criminal history, which included three points for a state court conviction of attempted second-degree murder, first-degree assault, and related offenses in the Baltimore City Circuit Court Case No. 105325025, *State v. Beads*. Three years later, the Court of Appeals of Maryland reversed and remanded that case. On retrial of that case, Petitioner was not convicted of second-degree murder or first-degree assault, but was convicted of (1) use of a handgun in commission of a crime and (2) wearing, carrying or transporting a handgun on or about the person. Petitioner was sentenced to three years of imprisonment for those offenses. A sentence exceeding one year and one month carries three criminal history points; therefore Petitioner is assigned the same amount of criminal history points (three) for his new conviction. On September 29, 2014, Petitioner filed the currently pending Motion to

Vacate, Set Aside, or Correct Sentence (ECF No. 46) pursuant to 28 U.S.C. § 2255, asserting

that he is entitled to relief because his current sentence in this case is erroneous as a result of

his retrial on the state charges.

The parties' submissions have been reviewed and no hearing is necessary. *See* Local

Rule 105.6 (D. Md. 2014). For the reasons that follow, Petitioner Cyros Beads' Motion to

Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

## BACKGROUND

On April 10, 2008, Petitioner Cyros Beads ("Petitioner" or "Beads") appeared before

this Court and pled guilty to possession of a firearm by a convicted felon under 18 U.S.C. §

922(g)(1). On June 4, 2008, Petitioner was sentenced to the statutory maximum one-hundred

twenty (120) months to be served concurrent with a state sentence of life imprisonment that

Petitioner was currently serving for attempted second-degree murder and related charges in

the Baltimore City Circuit Court Case No. 105325025. In establishing Petitioner's Criminal

History, the Court assessed: (1) one point for a juvenile conviction on 7/9/02; (2) three

points for CDS convictions on 8/12/13; (3) three points for CDS convictions on 9/10/13;

(4) three points for convictions of attempted second-degree murder,[1] first-degree assault,

and two handgun charges in Case No. 105325025; and (5) two points because the instant

offense was committed less than two years following the Petitioner's release from custody

for a prior offense. Presentence Report at 4-6. With twelve criminal history points, the

Petitioner was placed in Criminal History Category V (5) with a final offense level of 25; the

---

[1] In the Government's Response to Petitioner's Motion (ECF No. 49), the Government mistakes Petitioner's previous attempted second-degree murder conviction for attempted first-degree murder.

Court calculated as an advisory sentencing guideline a range of 100 to 120 months considering the statutory maximum was 120 months. Sentencing Hr'g Tr.

The  Baltimore City Circuit Court Case No. 105325025, from which Petitioner was assigned three criminal points, arose from an incident on June 7, 2005 that left one man dead and another two injured. *Beads v. State of Maryland*, 28 A.3d 1217 (Md. 2011). In the Circuit Court for Baltimore City a jury found Beads and a codefendant guilty of several crimes against three victims, as well as several related offenses, including use of a handgun in the commission of a crime of violence. *Id.* at 1219. Specifically, the jury convicted Beads of attempted second-degree murders and first-degree assaults of two of the victims, conspiracy to murder those two victims, two counts of use of a handgun in the commission of a crime of violence, and three counts of carrying a handgun. *Id.*at 1222. Beads and his codefendant noted an appeal to the Court of Special Appeals of Maryland on the grounds that the prosecutor made prejudicial remarks during closing argument and other errors that the trial court did not correct. *Id.* at 1219. The Court of Special Appeals consolidated the appeals and affirmed the judgments of conviction in an unreported opinion. *Id.* Beads and Smith then filed a petition for writ of certiorari to the Court of Appeals of Maryland. *Id.* The court granted the petition and on September 21, 2011, remanded Case No. 105325025 for a new trial after holding that:

> (1) [T]he trial court erroneously overruled Petitioner Beads' objections to improper prosecutorial arguments, (2) the trial court erroneously concluded that the cross-examination of Petitioner Smith's trial counsel "opened" the door to testimony that Smith had been incarcerated, and (3) because the trial court failed to take any corrective action in response to the improper arguments and inadmissible evidence, [the court] [i]s not persuaded beyond a reasonable doubt that these erroneous rulings were harmless.

*Id.* at 1220. On February 28, 2014, the Circuit Court for Baltimore City retried Case No. 105325025; while Petitioner was not convicted of the charges of attempted second-degree murder and assault,[2] a jury found him guilty of use of a handgun in commission of a crime and wearing, carrying or transporting a handgun on or about the person. Petitioner was sentenced to three years imprisonment.[3]

This Court assigned Petitioner three criminal history points for his original Case No. 105325025 conviction because the state court sentence exceeded one year and one month. *See* U.S.S.G Section 4A1.1(a). On retrial, Petitioner was convicted of use of a handgun in commission of a crime and wearing, carrying or transporting a handgun on or about the person. For Petitioner's new conviction, he received a three-year sentence. Because his new sentence also exceeds one year and one month, Petitioner is assigned three criminal history points for his current Case No. 105325025 conviction. Therefore, Petitioner has the same number of criminal history points for his Case No. 105325025 convictions today as he did at sentencing, and the same advisory sentencing guideline range of 100 to 120 months.

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the

---

[2] The Maryland Judiciary Case Search report indicates that during retrial, Petitioner was found not guilty of first-degree assault and that the charges second-degree assault and second-degree murder were never sent to the jury.
[3] The Maryland Judiciary Case Search report indicates that the Petitioner's conviction for use of handgun in committing a crime was "merged with other counts."

Case 1:14-cv-03061-RDB   Document 2   Filed 06/19/15   Page 5 of 14


maximum authorized by law, or [(4) the sentence] is otherwise subject to collateral attack."
28 U.S.C. § 2255(a). "[A]n error of law does not provide a basis for collateral attack unless
the claimed error constituted 'a fundamental defect which inherently results in a complete
miscarriage of justice.' " *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v.
United States,* 368 U.S. 424, 428 (1962)). Once a petitioner has shown that his sentence is
unlawful on one of the specified grounds, "the court shall vacate and the set the judgment
aside and shall discharge the prisoner or resentence him or grant a new trial or correct the
sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A district court's resolution of a prisoner's § 2255 petition for habeas relief therefore
proceeds in two steps. *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (citing *United
States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007)). First, the court must determine whether
the prisoner has shown that his sentence is unlawful under § 2255. *Id.* If found unlawful,
second, the court should grant the prisoner an "appropriate" remedy. *Id.* In *Custis v. United
States*, 511 U.S. 485, 497 (1994), the Court noted that if a defendant "is successful in
attacking [his] state sentences, he may then apply for reopening of any federal sentence
enhanced by the state sentences." Vacatur alone, however, does not entitle a petitioner to
habeas relief; the court must determine whether the vacatur renders petitioner's sentence
unlawful on one of the grounds specified in § 2255 before setting aside the sentence.
*Pettiford*, 612 F.3d at 278.[4]

## DISCUSSION

---

[4] *United States v. Pettiford* also clarified that, "*Custis, Daniels,* and *Johnson* apply 'whether the sentence enhancement was imposed because of the ACCA or because of the Sentencing Guidelines.'" 612 F.3d 270, 285 n. 4 (quoting *United States v. Gadsen* 332 F.3d 224, 228 n. 3 (4th Cir. 2003) (internal quotations and citation omitted)).

Petitioner Cyros Beads ("Petitioner" or "Beads") contends that he is entitled to relief under 28 U.S.C. § 2255 because his current sentence in this case is erroneous as a result of his retrial in the Circuit Court for Baltimore City. Petitioner argues that he has a viable claim under both the first and fourth prongs of 28 U.S.C. § 2255. This Court first addresses whether Petitioner's claim is timely and then whether Petitioner's sentence was imposed in violation of "the Constitution or laws of the United States" or is "otherwise subject to collateral attack." This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

a)  PETITIONER'S MOTION IS TIMELY

In *Johnson v. United States*, 544 U.S. 295, 319 (2005), the Court held that a vacatur of a prior state conviction used to enhance a federal sentence constitutes a "fact" under § 2255(f)(4). The one-year statute of limitations, therefore, begins running when petitioner receives notice of the vacatur, provided the petitioner sought it with due diligence in state court. *Id.* In *United States v. Gasden*, 332 F.3d 224, 227 (4th Cir. 2003), the Fourth Circuit held that the one year clock did not start until after the petitioner was granted post conviction relief of his state convictions and the State's petition for a writ of certiorari appealing the relief was denied. The court stated that "in cases like Gasden's, the federal statute of limitations begins running when the state court conviction is conclusively invalidated." *Id.* at 229.

The Court of Appeals of Maryland remanded Petitioner's Case No. 105325025 for retrial in 2011. In Februrary of 2014, Petitioner was retried and acquitted of some of his previous charges. Similar to the petitioner in *Gasden*, Petitioner's state court convictions were

not "conclusively invalidated" until the trial court failed to reconvict him. *See Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011) (stating that the petitioner's state convictions were "ultimately vacated" when the Butts County Superior Court, on remand from the Georgia Supreme Court, entered an order granting habeas corpus and vacating the petitioner's state convictions). Accordingly, Petitioner had one year from February 28, 2014 to file a § 2255 claim. Petitioner filed on September 29, 2014. Therefore, Petitioner's § 2255 claim is timely.[5]

  b)  CONSTITUTIONAL CLAIM

Petitioner claims that his sentence was imposed "in violation of the Constitution or laws of the United States" because he pled guilty to erroneous information as a result of the vacatur of some of his underlying state convictions. Courts have granted relief under the first prong of § 2255 when defendants have shown that one or more of their underlying state convictions were unconstitutional. *See United States v. Pettiford*, 101 F.3d 199, 202 (1st Cir. 1996) (granting resentencing under § 2255 when the state order vacating the defendant's underlying conviction rested upon the violation of defendant's Fourteenth Amendment right to enter a voluntary guilty plea); *see also United States v. Mobley*, 96 F.App'x. 127, 128 (4th Cir. 2004) (holding defendant had viable § 2255 claim when a state conviction upon which defendant's federal sentence was determined was set aside and removed because the record did not show that the defendant had "voluntarily and understandingly entered" his plea); *United States v. Lavelle*, 175 F.3d 1106, 1107–08 (9th Cir. 1999) (granting resentencing under § 2255 when underlying state conviction was vacated after petitioner showed he was not advised of certain constitutional rights at the time he entered his guilty plea); *United States v.*

---

[5] In Petitioner's Memorandum in Support of his Motion (ECF No. 46), Petitioner discusses the doctrines of equitable tolling and actual innocence (ECF No. 46) to excuse procedural default. Because this Court finds Petitioner's Motion is timely, a discussion of these doctrines is unnecessary.

*Walker*, 198 F.3d 811, 812 (11th Cir. 1999) (holding that the petitioner had viable § 2255 claim when his underlying state conviction was vacated after petitioner proved he had not entered a voluntary and knowing plea based on a sufficient factual basis).

In his motion and supplemental papers, Petitioner relies on the above cited cases along with others to allege that his claim is one of a constitutional nature because he pled "guilty to erroneous information" in light of his vacated convictions. In the above cited cases, the petitioners' federal sentences were calculated based on state convictions resulting from guilty pleas. Those guilty pleas were later found to be unconstitutional because the petitioner's pleas had not been voluntarily and knowingly entered. Unlike those petitioners, Beads' underlying conviction was the result of a trial and a jury verdict, not a guilty plea vacated for constitutional reasons.

Petitioner's prior conviction was not vacated on constitutional grounds; nothing in the Court of Appeals of Maryland opinion states that Petitioner's original Case No. 105325025 state convictions were obtained in violation of Petitioner's federal constitutional rights. The Court of Appeals of Maryland relied primarily on Maryland case law when it remanded Petitioner's case after concluding that the trial court erroneously overruled Petitioner Beads' objections to improper prosecutorial argument and failed to take any corrective action in response to the improper arguments. *Beads v. State*, 422 Md. 1 (2011). The court concluded that with respect to Petitioner, it could not conclude that it was "persuaded beyond a reasonable doubt that the erroneous rulings preserved for appellate review by Petitioner Beads' trial counsel 'in no way influenced the verdict.'" *Id.* at 14–15. Because there were no constitutional issues with Petitioner's underlying state convictions,

Petitioner's guilty plea and sentencing on June 4, 2008 were not "in violation of the Constitution or laws of the United States." *See Cuevas v. United States*, 778 F.3d 267 (1st Cir. 2015) (holding that the petitioner's claim could not succeed under the first prong of § 2255 when his case was remanded for a new trial for trial "misconduct" and the state subsequently filed a nolle prosequi to the vacated convictions). Accordingly, Petitioner's § 2255 claim cannot succeed on constitutional grounds.

c)  NON-CONSTITUTIONAL CLAIM

Petitioner also argues that his claim is cognizable under the "otherwise subject to collateral attack" prong of § 2255. Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack is far more limited. *Stone v. Powell,* 428 US 465, 477 n. 10 (1976). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). There must be "exceptional circumstances" that make the need for redress evident. *Hill v. United States*, 368 U.S. 424, 428 (1962). "Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283—84 (1999); *see also id* (citing *United States v. Mikalajunas*, 186 F.3d 490, 495—496 (4th Cir. 1999) ("[M]iscarriage of the [sentencing] guidelines typically does not constitute a miscarriage of justice.")). Further, the Fourth Circuit has expressed that it is "hesitant to declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which Appellant was (and on remand, would again be) sentenced under an *advisory* Guidelines

scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. §
3553(a). *United States v. Foote*, 784 F.3d 931, 941 (4th Cir. 2015).

Vacaturs of state convictions that result in altered sentencing requirements or
otherwise unlawful sentences create the exceptional circumstances necessary to make a
petitioner's § 2255 claim cognizable. *See Cuevas v. United States*, 778 F.3d 267, 269 (1st Cir.
2015) (granting relief under the fourth prong of § 2255 when vacaturs reduced petitioner's
criminal history points, therefore reducing his criminal history category); *see also United States
v. Mobley*, 96 F.App'x. 127, 128 (4th Cir. 2004) (holding that the petitioner was entitled to a
reopening of his sentence after the vacatur of a state court conviction for which criminal
history points had been assessed); *Wilson v. United States*, Nos. 3:94–CR–65–BO–12, 5:12–
CV–15–BO, 2012 WL 1389651, at *2 (E.D.N.C. 2012) ("Because [petitioner] has clearly
shown that he did not commit the crime on which the calculation of his sentence was based
and because that fact renders his sentence unlawful, [petitioner] is entitled to relief."); *United
States v. Dorsey*, No. 14–6440, 2015 WL 2445376, at *2 (4th Cir. 2015) (remanding for re-
sentencing when vacatur of state conviction placed petitioner in lower criminal history
category).

Vacaturs of state convictions that do not, however, affect petitioners' sentences are
not sufficiently exceptional to warrant relief under the fourth prong of § 2255. In *United
States v. Pettiford*, 612 F.3d 270, 278 (4th Cir. 2010), the Fourth Circuit held that the
petitioner's § 2255 claim failed because his vacated convictions did not render his Armed
Career Criminal Act sentence invalid as a threshold matter; without the vacated convictions,
statutory preconditions for the petitioner's sentence enhancement were still present. The

court concluded that the defendant "did not show, nor could he show, that the vacated sentences alone rendered his federal sentence unlawful." *Id.* at 284; *see also Herrera-Pina v. United States*, Nos. EP–11–CV–227–PRM, EP–08–CR–1907–PRM, 2012 WL 1680113, at *5 (W.D. Tex. 2012) (noting that the rule that vatatur of a state conviction is normally sufficient for relief does not apply when "despite a vacated conviction, another conviction remains on a petitioner's record that is itself sufficient to support the original enhancement" (*citing Pettiford*, 612 F.3d at 277-78)); *Vizcaino v. United States*, 981 F. Supp. 2d 104, 110 (D. Mass. 2013) ("Because the sentencing record reflects that Vizcaino is not serving an enhanced sentence based on the conviction that was vacated, the Court finds that he is not entitled to a resentencing hearing based on its invalidation because the sentence would not be different."); *Shufford v. United States*, Nos. 5:10–CR–319–FL, 5:12–CV–2–FL, 2014 WL 497209, at *7 (E.D.N.C. 2014) (adopting the recommendation of the magistrate judge that petitioner's challenge to the calculation of his base offense level was not a cognizable claim because petitioner did not receive a sentence exceeding his statutory maximum or allege facts which made the allegation miscalculation result in a miscarriage of justice).

Petitioner's claim for relief is grounded on the premise that "with the vacating of the priors mentioned," Petitioner's criminal history points have been reduced to 9, placing him in a criminal history category of IV (4) and resulting in a lower sentencing range of 84 to 105 months.[6] Petitioner argues that his subsequent convictions on remand cannot be used to maintain his criminal history category of V (5). As a result of the vacaturs, Petitioner argues

---

[6] While Petitioner only argues that he is "actually innocent" of his sentence for the purposes of excusing a procedural default, this Court notes that the Supreme Court has yet to extend the concept of actual innocence—as an independent ground for finding a miscarriage of justice—to non-capital sentencing. *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015).

his presentence investigation report is inaccurate and he deserves to be sentenced upon "accurate" information.

The facts of Petitioner's case, however, do not warrant resentencing under § 2255 because Petitioner has the same number of criminal history points for his Case No. 105325025 convictions today as he did at sentencing, and his guideline range of 100-120 months has not changed. At sentencing, Petitioner was assigned three points for his Case No. 105325025 convictions. Subsequently, Case No. 105325025 was remanded for retrial. While Petitioner argues that "at that moment, due to the remand, petitioner's criminal history no-longer [was] represented by non-existant convictions," as explained *supra*, Petitioner's criminal history was not "conclusive" until after his retrial. ECF No. 52; *United States v. Gasden*, 332 F.3d 224, 227 (4th Cir. 2003). Upon retrial, while Petitioner was not convicted of first-degree assault or second-degree murder,[7] a jury found Petitioner guilty of use of a handgun in commission of a crime and wearing, carrying or transporting a handgun on or about the person; Petitioner was sentenced to three years of imprisonment for those offenses. Under the Federal Sentencing Guidelines, three criminal history points are assigned for prior sentences exceeding one year and one month. U.S.S.G Section 4A1.1(a). Therefore, Petitioner maintains three criminal history points for his current Case No. 105325025 convictions because they carry a sentence exceeding one year and one month. If this Court were to grant Petitioner relief and resentence him, this Court would resentence Petitioner according to his criminal history as it currently stands. *See Pettiford v. United States*, No. 94-12626-REK, 1995 WL 464920, at *11 (D. Mass. 1995) (explaining that if petitioner's 1991

---

[7] The Maryland Judiciary Case Search report indicates that Petitioner was found not guilty of first-degree assault and that the charges of second-degree assault and second-degree murder were never sent to the jury.

sentence was to be vacated, the appropriate sentence would be on the basis of petitioner's current 1995 Criminal History Record), *aff'd United States v. Pettiford*, 101 F.3d 199 (4th Cir. 1996).

As of today, Petitioner's Criminal History is sufficient to warrant his Criminal History Category and corresponding sentencing guideline range of 100-120 month. Thus, the facts at bar are not sufficiently exceptional such that Petitioner's claim is cognizable under § 2255. Accordingly, Petitioner's § 2255 sentence is not "otherwise subject to a collateral attack" and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner Cyros Beads' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:        June 18, 2015

                                                        _____/s/_____

                                                        Richard D. Bennett

                                                        United States District Judge